HOPKINS v. CARR.

STATUTE OF FRAUDS.—*Verbal Contract.—Partner.*—A partnership liability may become an individual debt against one member of the firm by contract not in writing between the partners, with the consent of the creditor.

PRACTICE.—*Supreme Court.—Abstracts.*—The evidence, although it be made a part of the record, if not abstracted as required by rule tenth of this court, will not be examined.

APPEAL from the Newton Common Pleas.

GREGORY, J.—Suit before a justice of the peace by Carr against Hopkins. Appeal by Carr to the court below.

One item in the account filed by Hopkins as a set-off was "for board bill and feed bill of Daniel Graves and Dempsey Johnson, in the sum of $13.00."

On the trial in the court below, the defendant offered to testify that in 1864, Carr, Johnson, Jenners, and Graves, who were partners, had a lot of cattle in his pasture; that while the cattle were on pasture Graves and Johnson boarded with him, to the amount of some seventy dollars; that this included some feed for cattle; that the item in the answer was for an unpaid balance of that charge, which the plaintiff promised to pay at a time Carr and defendant had a settlement of their accounts; that Jenners had paid the other portion of the seventy dollars. The court ruled out this evidence, on the ground that it was a verbal promise to pay the debt of another, and not binding on the promisor. The ruling out of this testimony was one of the grounds assigned in the written motion for a new trial.

This presents the only question in the case. The evidence, although a part of the record, is not abstracted as required by rule tenth of this court, and therefore is not examined by us.

The rejected testimony tended to show that it was the debt of the appellee, and not the debt of another. A partnership liability may become an individual debt against one member of the firm by contract, not in writing, between

the partners, with the consent of the creditor. The evidence ought to have been admitted.

Judgment reversed, with costs; cause remanded with direction to grant a new trial, and for further proceedings.

*J. Wallace, E. L. Urmston,* and *B. K. Elliott,* for appellant.

*E. P. Hammond* and *T. J. Spitler,* for appellee.